**UNITED STATES**

v.

**Thomas J. NELSON, 391 66 9369, Lance Corporal (E–3), U. S. Marine Corps.**

**NMCM 81 0995.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 18 Dec. 1980.

Decided 22 May 1981.

CAPT James P. Axelrod, USMC, Appellate Defense Counsel.

CDR T. C. Watson, Jr., JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and BOHLEN, JJ.

CEDARBURG, Chief Judge:

The case before us was submitted without specific assignment of error. We note, however, that the three offenses to which appellant pleaded guilty and was found guilty by a general court-martial military judge involved quantities of marijuana (specification 1), cocaine (specification 2), and lysergic acid diethylamide (specification 3), all of which were simultaneously found in his wall locker during a permissive search. The maximum punishment for all of the offenses, of which appellant was advised by counsel, and which were considered by the military judge, was the maximum punishment for a single violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892; that is, a dishonorable discharge, confinement at hard labor for 2 years, forfeiture of all pay and allowances and reduction to pay grade E–1. A pretrial agreement was negotiated permitting approval of a bad-conduct discharge, confinement, forfeitures and reduction as awarded, but requiring suspension of all confinement in excess of 10 months for the period of confinement and 6 months thereafter. It is apparent from the record that all parties to the agreement and at the trial treated the offenses as being multiplicious for sentencing.

**698**

■ The Court of Military Appeals has concluded that simultaneous possession of various drugs under circumstances such as this is but a single act violating Article 92, UCMJ, rather than the Controlled Substances Act, 21 U.S.C. § 844. *United States v. Hughes*, 1 M.J. 346 (C.M.A.1976). They have noted that multiple charging may not be used "as a vehicle to encourage stiffer sentences" and admonish "sound legal judgment coupled with a measure of common sense" in charging an accused. *Id.* at n.3. We reiterate the advice of the Court of Military Appeals and determine that it was error to charge three violations of Article 92 in this case when the drugs possessed constituted a single offense since they were simultaneously seized from appellant's wall locker. In *Hughes*, the court members were instructed by the military judge and treated the simultaneous possession of various drugs as separate offenses with a maximum of the punishment authorized for each separately charged offense in the aggregate. The Court of Military Appeals permitted reassessment to cure the error. *See also United States v. Griffin*, 8 M.J. 66 (C.M.A.1979).[1] In the case at bar the three offenses were treated by all concerned as multiplicious for sentencing purposes.

■ Under the circumstances herein disclosed we do not find appellant has been prejudiced by the sentence imposed or approved on review below. We remind those who have responsibility for initiating charges that one transaction or what is substantially one transaction should not be made the basis for an unreasonable multiplication of charges. *Id.*; paragraph 126*b*, *Manual for Courts-Martial, 1969 (Rev.)*.

The findings and sentence as approved on review below are affirmed.

---

1. We note the Court of Military Appeals' recent decision in *United States v. Rushing*, 11 M.J. 95, 98 (C.M.A.1981), in which the Court concluded that the dismissal of a multiplicious specification in that case "would not disadvantage the Government." In appellant's case, however, dismissal of two of three specifications under the Charge would not present a clear picture of the true extent of appellant's drug possession. We therefore deem reassessment rather than dismissal as the appropriate remedy in this case.